### KENNEDY v. PRICE.

(Filed April 18, 1905.)

*Verified Account—Prima Facia Case—Rebuttal.*

In an action before a justice of the peace, to recover a sum for lumber, on appeal, plaintiff offered a verified account and then testified that he sold the trees to one P. under a "parol pledge;" that P had the trees sawed into lumber and sold it to defendant without paying plaintiff for the trees, but that defendant had no notice of plaintiff's verbal lien until after he had bought the lumber and given his note for it, *held*, plaintiff's own evidence negatived the prima facie effect of his verified account, and a judgment dismissing the action was proper.

ACTION by P. B. Kennedy against W. O. Price, begun before a justice of the peace and heard on appeal by *Judge O. H. Allen,* and a jury, at the Spring Term, 1904, of the Superior Court of DAVIE County. From a judgment dismissing the action, the plaintiff appealed.

*T. B. Bailey* and *Jacob Stewart* for the plaintiff.
*Watson, Buxton & Watson* and *A. T. Grant, Jr.* for the defendant.

CLARK, C. J. This is an action to recover $189.88 for lumber, begun before a justice of the peace. Upon appeal the plaintiff in the Superior Court offered his verified ac-

count as *prima facie* evidence, Acts 1897 Ch. 480. But he did not rest there; he went upon the stand and testified that he had sold the trees to one Proctor under a "parol pledge;" that Proctor had the trees sawed into lumber, which he soid to defendant without paying him for them; that he (plaintiff) notified defendant's agent of his verbal lien but not till after Price had bought the lumber of Proctor and given his note for it. That it was after such notice that the defendant moved the lumber. The plaintiff proved his debt against Proctor in bankruptcy.

Plaintiff by his own evidence negatived the *prima facie* effect of his verified account and showed that there was no privity between himself and the defendant and that there was no lien on the lumber for which the defendant was liable. The defendant could not have more completely rebutted the plaintiff's *prima facie* case if he had put in evidence. In dismissing the action there was

No Error.